### KAY v. MONROE et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. MUNICIPAL CORPORATIONS—CONTRACT FOR SUPPLIES—BIDS—COMPETITION—NEW YORK CHARTER.

Rev. New York Charter, § 1554 (Laws 1901, p. 642, c. 466), providing that no patented article shall be advertised for or purchased by the city, except under such circumstances that there can be a fair and reasonable opportunity for competition, is violated by the limitation of bids for the furnishing of water meters to a certain type and size, and in such manner as to call for bids only upon a patented article, under conditions calculated to practically exclude competition.

Appeal from Special Term, Kings County.

Action by Joseph W. Kay against Robert Grier Monroe, as commissioner of water supply, gas, and electricity of the city of New York, and others. From an order continuing a temporary injunction during the pendency of the action, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Frederick St. John (T. Augustin Ledwith, on the brief), for appellants.

Joseph A. Burr, for respondent.

HIRSCHBERG, P. J. The plaintiff, a taxpayer of the city of New York, seeks in this action to restrain the defendants other than the comptroller from carrying out a contract for the supply of water meters for the use of the city, and to restrain the defendant Edward M. Grout, as comptroller of said city, from certifying such contract. By the order appealed from, a temporary injunction of the character indicated is continued during the pendency of the action.

The papers before the court at Special Term tend to establish that, in inviting bids for the furnishing of meters, the defendant the commissioner of water supply, gas, and electricity limited the bids with respect to the larger number of the meters advertised for to a certain type and size, in such manner as to call for bids only upon a patented article, under conditions which were calculated to practically exclude competition. Section 1554 of the Revised New York Charter (Laws 1901, p. 642, c. 466) provides that:

"No patented article shall be advertised for, contracted for or purchased, except under such circumstances that there can be a fair and reasonable opportunity for competition, the conditions to secure which shall be prescribed by the board of estimate and apportionment."

In construing this section of the charter in Rose v. Low, 85 App. Div. 461, 83 N. Y. Supp. 598, the Appellate Division in the First Department recently held, in substance, that the intention of the provision was to prevent the purchase of a patented article, except under conditions which would allow competition. In that case the proposed contract related to the paving of one of the city streets with a patented pavement, but the reasoning applies equally to the purchase of a patented article generally. The court said (page 466, 85 App. Div., and page 602, 83 N. Y. Supp.):

"We think what was intended was that there should thereafter be no patented pavement laid, and no purchase of a patented article, except under conditions which would allow competition. That competition could not be a competition to supply the patented pavement or articles, because the manufacturers thereof have a monopoly of them by reason of their patents. If, however, a certain result was to be arrived at, namely, a smooth pavement to be laid, then there could be advertisement for a smooth pavement which would comply with the requirements deemed proper by the local authorities having charge of the particular street to be paved, and the owner of the patented pavement could compete with others who furnished a pavement which complied with the same requirements; and in that way the patentees of a pavement could enter into competition with others who would lay the same character of pavement, and conditions could thus be created where there could be a fair and reasonable opportunity for competition. * * * But when the conditions imposed by the board of estimate and apportionment are such that the only person who could lay the pavement is the patentee, it is apparent that the mandatory provisions of the statute have not been observed, and that the municipal authorities are prohibited from laying a pavement contracted for under such conditions."

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.