LEWIS STOCKTON, Appellant, *v.* THE CITY OF BUFFALO and Others, Respondents.

*Taxpayer's action — when an injunction will be granted therein — use by the city of Buffalo of patented gas burners under a contract with a contractor to light the city — it is not prohibited by the charter.*

*Semble,* that section 283 of the charter of the city of Buffalo, requiring the publication of a notice inviting proposals as a prerequisite to the making of certain city contracts, only applies to contracts made by the commissioner of public works, and does not apply to contracts, such as the city lighting contract, made by the legislative branch of the city government.

*Semble*, that section 505 of the charter of the city of Buffalo, which provides: "Except for repairs no patented pavement shall be laid, and no patented article shall be advertised for, contracted for or purchased, except under such circumstances that there can be a fair and reasonable opportunity for competition," only prohibits the *purchase* of a patented article except under circumstances which admit of competition, and that the use of patented articles for a limited period is not within the operation of such section. Thus, where a city lighting contract confers upon the city " the right to call upon said contractor to supply and substitute Welsbach lamp heads and burners (patented articles) as the Commissioner of Public Works may from time to time determine, at and for the sum of twenty-four and 75-100 ($24.75) dollars per light per year, said Welsbach lamp heads and burners to remain the property of said contractor," such contract is not within the operation of that section.

A preliminary injunction will not issue in a taxpayer's action to annul a city contract unless the plaintiff shows clearly that upon the law and the facts the official action complained of is illegal.

APPEAL by the plaintiff, Lewis Stockton, from an order of the Supreme Court, made at the Erie Special Term, and entered in the office of the clerk of the county of Erie on the 2d day of June, 1905, denying the plaintiff's motion for an injunction *pendente lite.*

*Louis Wright Simpson,* for the appellant.

*Edward L. Jung, Thomas Penney* and *Charles L. Feldman,* for the respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of KENEFICK, J., delivered at Special Term.

All concurred.

The following is the opinion of KENEFICK, J., delivered at Special Term:

KENEFICK, J.:

The plaintiff sues as a taxpayer to have declared null and void a contract entered into between the city of Buffalo and the Buffalo Gas Company for lighting public buildings and streets and keeping the lamps in repair. Pending the trial of the action he asks that the city be enjoined from substituting Welsbach lamp heads and burners under this provision of the contract, namely: " The city agrees that during the term of this contract it will use only those burners and lamp heads now in use by said city, reserving unto

itself the right to call upon said contractor to supply and substitute Welsbach lamp heads and burners as the Commissioner of Public Works may from time to time determine, at and for the sum of twenty-four and 75–100 ($24.75) dollars per light per year, said Welsbach lamp heads and burners to remain the property of said contractor."

This provision is claimed to be illegal for the reason that no competition was permitted as to lamp heads and burners, which are patented articles. The failure to require competition it is contended is in violation of sections 283 and 505 of the city charter.* It is claimed by the defendants that neither section is applicable.

Under section 416 of the charter† the city is authorized to contract for lighting for a term not exceeding five years, and it specially provides that sections 407 and 408 of the charter‡ shall not apply to such contracts. The sections, from the operation of which such contracts are exempted, provide in substance that no work or improvement, involving an expense exceeding $500, shall be ordered, except upon a vote of two-thirds of each board of the common council, and after publication of a notice of intention to order the work, and that no contract shall be entered into until after publication of a notice inviting sealed proposals to do the work or make the improvement, pursuant to plans and specifications and until an assessment therefor has been confirmed and has been delivered to the treasurer.

It is claimed by the plaintiff that, notwithstanding the exception of this contract from the above sections, which it will be noticed provide for the publication of a notice inviting sealed proposals, the same requirement is contained in section 283 of the charter, and that the latter section requires the publication of such a notice before a valid contract for lighting can be entered into. It is exceedingly doubtful, to say the least, whether section 283 applies to a lighting contract. Such a contract is required to be made by the city acting through its legislative branch, and it would seem as though section 283 was intended to apply only to contracts which

---

*Laws of 1891, chap. 105, § 283, as amd. by Laws of 1901, chap. 228; Id. § 505.— [REP.

† As amd. by Laws of 1901, chap. 228.— [REP.

‡ Section 407 was amended by Laws of 1892, chap. 246.— [REP.

the commissioner of public works is authorized to make. Section 283 recognizes the power of the commissioner of public works to make expenditures and enter into contracts in the performance of the work intrusted to him by the charter,* but fearing apparently that this power might be abused it required the consent of the legislative body to any expenditure or contract involving the sum of $500 or over, and also required that proposals should be invited and the contract let to the lowest bidder. The section does not appear to be applicable to contracts the power to make which is delegated exclusively to the legislative branch of the city government.

The plaintiff also claims that the provision of the contract above set forth is in violation of section 505 of the city charter which provides : " Except for repairs no patented pavement shall be laid, and no patented article shall be advertised for, contracted for or purchased, except under such circumstances that there can be a fair and reasonable opportunity for competition, the conditions to secure which shall be prescribed by the person, board or body authorized to contract for such article so advertised for."

A similar provision in the charter of the city of New York† was under discussion in the case of *Rose* v. *Low* (85 App. Div. 461), and it was there said that " we think what was intended was that there should thereafter be no patented pavement laid, and no *purchase* of a patented article, except under conditions which would allow competition." And in the subsequent case of *Kay* v. *Monroe* (93 App. Div. 484) this language was quoted with approval.

Under the provision of the contract in question the city reserves the right to call upon the gas company during the period of the contract to use a certain patented lamp head and burner, and agrees to pay an extra fixed compensation *for such use.*

If the true meaning of this section of the charter is indicated in the dictum in the case of *Rose* v. *Low* (*supra*) then it would appear that only the *purchase* of patented articles is prohibited, and that the use of such articles for a limited period would not fall within the operation of this section.

The general principle governing the granting of preliminary

* See § 271 *et seq.*, as amd. by Laws of 1901, chap. 228 and Laws of 1903, chap. 392.— [REP.

† See Laws of 1901, chap. 466, § 1554.— [REP.

injunctions in actions of this kind is that the plaintiff must clearly show that "the official action complained of was illegal" (*Abraham* v. *Meyers*, 29 Abb. N. C. 384); that "the plaintiff's rights must be certain as to the law and the facts" (*Noonan* v. *Grace*, 49 N. Y. Super. Ct. 116); that "there is a clear violation of law" (*People* v. *Mayor, etc., of New York*, 32 Barb. 102).

Upon this application the plaintiff has not established that "clear violation of law" which would authorize the issuance of an injunction.

The complaint charges no corruption on the part of the officials of the city in entering into the contract. The action can be tried very shortly, and the validity of the contract definitely determined by such trial.

If the plaintiff's claims with respect to this provision of the contract are then sustained, the only possible increased expenditure the city will be put to will be for the use of such burners as may be installed from this time until such decision, and the use for that period of time only, and meanwhile the city will have the benefit of concededly better light.

The motion for an injunction is denied.

———

In the Matter of the Examination of CHARLES S. DAWES, Third Person, in Proceedings Supplementary to Execution in the Action Entitled, County Court, Erie County, FREDERICK C. J. HODDICK and HENRY C. HODDICK against RACHEL E. ELLIOTT.

FREDERICK C. J. HODDICK and HENRY C. HODDICK, Appellants; CHARLES S. DAWES, Respondent.

*Supplementary proceedings — order for the examination of a third person — it cannot be served by the judgment creditor.*

Under sections 425 and 433 of the Code of Civil Procedure an order for the examination of a third party in proceedings supplementary to execution may not lawfully be served upon the third party by the judgment creditor.

McLENNAN, P. J., dissented.

APPEAL by Frederick C. J. Hoddick and another from an order of the Erie County Court, entered in the office of the clerk of the county of Erie on the 7th day of August, 1905, setting aside the