JACOB KIJ, Plaintiff, *v.* JOHN F. ASZKLER, as Mayor of the City of Lackawanna, JOSEPH MILANO and Others, Composing the Common Council of the City of Lackawanna, RICHARD F. SAAB and the CITY OF LACKAWANNA, Defendants.

Supreme Court, Erie County, May 18, 1937.

*Leonard N. Lakser,* for the plaintiff.

*John R. Pillion,* for all the defendants except Richard F. Saab.

*Edward I. Zolte,* for the defendant Richard F. Saab.

HINKLEY, J. This is a motion to dismiss the complaint in the above-entitled action upon the ground that it does not state facts sufficient to constitute a cause of action.

For the purpose of this motion all allegations of fact contained in the complaint are conceded. The only questions presented to the court are whether power exists in the common council to sell the corporate real estate and whether section 23 of the General City Law (known as the Home Rule Law), which prescribes a method of sale, is controlling.

The charter of the city of Lackawanna was enacted by chapter 574 of the Laws of 1909. By that act the city was given power to sell its real estate. (Lackawanna City Charter, *supra,* § 3.) The common council was empowered to " make, ordain, amend or repeal ordinances and to pass resolutions and enact ordinances for the following purposes: (1) To manage and regulate the finances and to regulate, preserve and dispose of the property, both real and personal of the city." (Lackawanna City Charter, § 62.) It is apparent that the common council was thereby empowered to enact an ordinance or local law as a continuing regulation or permanent rule of government prescribing a general method of sale for any future occasion. It is also apparent that the common council in its ministerial capacity and not as a legislative act was empowered to pass a suitable resolution to carry into effect each future sale of its real estate. The distinction between an ordinance and a resolution is clearly defined. An ordinance is a legislative act or permanent general regulation or local law in the nature of a by-law. A resolution is an act of the governing body of a temporary nature and not a permanent rule of government designed to carry into effect matters arising subsequent to the adoption of the ordinance. (2 Dillon Municipal Corporations [5th ed.], §§ 570–573; 2 McQuillen, Municipal Corporations [2d ed.], §§ 663 and 666; 43 C. J., Municipal Corporations, §§ 796 and 798.)

The contention of plaintiff's counsel that the word " dispose " does not include a power to sell is without force. The greater includes the lesser. To sell property is but one means of disposing of property. The Legislature in section 23 of the General City Law so defines the word by providing that " in case of a proposed *sale* or lease of real estate or of a franchise, the ordinance must provide for a *disposition* of the same."

◦ At no time has the common council of the city of Lackawanna exercised its clearly defined power to enact an ordinance prescribing a general method of sale of its real property even though such action was undoubtedly contemplated in the adoption of ts charter. It is self-evident that the Legislature in its enactment of the Home Rule Law had in contemplation derelictions by governing bodies of cities such as the failure of the common council of the city of Lackawanna to prescribe a method of sale of its real property. The Legislature in the interests of the taxpayers of the city of Lackawanna and other municipalities subsequently filled that gap by the enactment of one sentence in paragraph b of subdivision 2 of section 23 of the General City Law. That provision is as follows: " In case of a proposed sale or lease of real estate or of a franchise, the ordinance must provide for a disposition of the same at public auction to the highest bidder, under proper regulations as to the giving of security and after public notice to be published at least once each week for three weeks in the official paper or papers."

That provision constituted a mandate to any city such as Lackawanna which had failed to prescribe by ordinance a method of sale of its real estate to immediately enact an ordinance or local law providing a general method of sale for its real property. That provision also sets forth the essential elements to be incorporated in the required ordinance.

The common council of Lackawanna, even in the light of section 23 of the General City Law, has failed and neglected to enact an ordinance or local law prescribing the general method of sale as set forth in said section. In this instance the common council, acting by resolution, has attempted to sell certain real property without a preliminary legislative act or local law which is a condition precedent to its authority to sell.

The objection of defendants upon which the motion to dismiss the complaint is founded having been resolved in favor of plaintiff, the motion of defendants is denied, with ten dollars costs in favor of plaintiff and against the defendant city of Lackawanna.