■ JOHN MASONE, an Infant, by His Father and Natural Guardian, THOMAS MASONE, et al., Respondents, v UNISHOPS OF MODELL'S INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, dated May 21, 1979, which granted plaintiffs' motion for reargument of the granting defendants' motion for summary judgment and, upon

reargument, denied defendants' motion. Order reversed, on the law, with $50 costs and disbursements, and motion for summary judgment is granted. Plaintiffs initiated this action predicated upon an alleged illegal sale by defendants of an "air rifle" to Frank Gianotti, a 12 year old, in violation of subdivision 5 of section 265.10 of the Penal Law. Defendants sought summary judgment dismissing the complaint upon the ground that the purchase of the rifle had been made by Frances Gianotti, Frank's mother. The motion for summary judgment should be granted. The record, viewed in a light most favorable to plaintiffs, establishes only that Frank was present at the time Frances made the purchase and that he also carried the gun from the store after the rifle was bought. There is no allegation that he either handled the rifle in the store or received instruction on its use. It was incumbent upon plaintiffs to submit evidentiary facts or materials which would establish that the rifle was "disposed of" to a minor (see *Indig v Finkelstein,* 23 NY2d 728). As a matter of law, the child being present in the store and carrying the gun out of the store did not establish the requisite "disposition" necessary for the finding of a violation of subdivision 5 of section 265.10 of the Penal Law. O'Connor, J. P., Rabin and Gulotta, JJ., concur.

Lazer, J., dissents and votes to affirm the order, with the following memorandum: The issue on this appeal from an order denying summary jugment dismissing the complaint is the liability of defendant storeowners for the loss of an eye suffered by the one-and one-half-year-old plaintiff as a result of the firing of an air rifle owned by 12-year-old Frank Gianotti. The gun had been purchased from the defendants by young Mr. Gianotti's mother in the boy's presence. The plaintiffs claim that under the circumstances subdivision 5 of section 265.10 of the Penal Law was violated and that the defendants are liable for the accidental shooting which occurred some months later. The current issue relates solely to defendants' conduct. Subdivision 5 of section 265.10 of the Penal Law (the statute) provides that: "Any person who *disposes* of any of the weapons, instruments, appliances or substances specified in section 265.05 to any other person under the age of sixteen years is guilty of a class A misdemeanor." (Emphasis supplied.) Section 265.05 refers to an "air-gun" as a weapon which it is unlawful for a person under the age of 16 to possess. Violation of subdivision 5 of section 265.10 of the Penal Law gives rise to a cause of action if it is the proximate cause of an injury (see *Henningsen v Markowitz,* 132 Misc 547; see, also, PJI 2:25). What the instant litigants dispute is whether the sale of the gun to Frank Gianotti's mother in his presence constituted a disposition of the gun to the boy. To "dispose of" means to part with *(Newcomb v Newcomb,* 12 NY 603, 620) or to put into the hands of another *(People v Rathbun,* 21 Wend 509, 527). It is a broader term than "to sell", for a sale is but one means of disposing of property *(Kij v Aszkler,* 163 Misc 63). The evidence before Special Term indicates that Frank Gianotti was present in defendants' store at the time the gun was purchased by his mother, that Frank took the gun with him when he left the store, and that the purchase was a gift for his birthday. In sustaining civil liability under the predecessor statute of subdivision 5 of section 265.10, the purpose of the statute was described as follows: "The legislative purpose of enacting these sections of the Penal Law is manifest. It was to prevent just such an occurrence as here happened. The likelihood that an immature youth would be reckless in using a dangerous weapon so that persons might be struck and injured by a missile was one of the probable consequences, to avert which the Legislature enacted these provisions of the Penal Law." *(Henningsen v Markowitz,*

*supra,* pp 548-549.) Section 5.00 of the Penal Law provides that: "The general rule that a penal statute is to be strictly construed does not apply to this chapter, but the provisions herein must be construed according to the fair import of their terms to promote justice and effect the objects of the law." Thus, in determining whether the totality of circumstances indicate that the defendants disposed of the air gun to Frank Gianotti, the trier of facts is not bound by the need to construe the statute strictly. The defendants have come forward with no affidavit from the person who made the sale to Frank Gianotti's mother and they rely on legal argument and some of the ambiguities in the depositions of the boy and his mother for the contention that dismissal is mandated here. On this record, there should be a full trial to ascertain what the facts establish concerning the defendants' disposition of the air gun in question. Therefore, I dissent and vote to affirm the order denying summary judgment.