RICHARD R. SPLAWNIK, as Administrator of the Estate of KATHLEEN A. SPLAWNIK, Deceased, Respondent, v JOHN F. DI CAPRIO, JR., Individually and Doing Business as SPORTSMAN'S SHOP, Appellant.

Third Department, May 4, 1989

## APPEARANCES OF COUNSEL

*Kelleher & Flink (Deborah A. Loncto* of counsel), for appellant.

*E. Stewart Jones (David J. Taffany* of counsel), for respondent.

## OPINION OF THE COURT

HARVEY, J.

This action for wrongful death and personal injuries arises out of the suicide of plaintiff's wife, Kathleen A. Splawnik (hereinafter decedent). The pleadings allege that on December 26, 1985 decedent telephoned defendant, with whom she and her husband were well acquainted, and requested that defendant come to her house and help her load a 12-gauge shotgun so that she could shoot a rabbit lurking in the back yard. Defendant was a Montgomery County Sheriff's Deputy and a licensed gun dealer. When he arrived at decedent's house, defendant allegedly informed decedent that a shotgun was too powerful for the proposed task and asked her if another weapon was available. Decedent reportedly led him to where a .22-caliber handgun was stored out of decedent's reach on the top ledge of a six-foot-tall dresser. Defendant took the gun from the dresser, loaded it, turned the safety switch off and handed it over to decedent. He stated that he asked decedent to give the gun back to him and wait until plaintiff returned home but decedent refused. Defendant then left the loaded handgun with decedent. He later telephoned one of decedent's relatives and expressed his misgivings over having done so. At some point after defendant left the house, decedent committed suicide by shooting herself in the head with the handgun.

At the time of her death, decedent had been recovering from severe injuries incurred in an automobile accident which left her frail and unable to walk for prolonged periods of time without a walker or crutches. She was apparently very depressed and anxious about her condition. She was almost bald from tearing out her own hair. Plaintiff commenced his action alleging that defendant knew about decedent's physical and emotional condition due to plaintiff's frequent visits to defendant's gun shop. As a result, plaintiff alleged that defendant negligently furnished decedent with the handgun and, in so doing, ultimately caused her death. Defendant thereafter moved to dismiss the complaint for failure to state a cause of

action. Supreme Court denied this motion and defendant now appeals.

We affirm. Defendant contends that the pleadings fail to state a cause of action because, even if decedent's suicide was reasonably foreseeable, defendant had no duty to prevent it. In our view, the complaint stated a cause of action sufficient to defeat a motion to dismiss.

Plaintiff's action is premised upon Restatement (Second) of Torts § 390, which states: "One who supplies * * * a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, *inexperience, or otherwise,* to use it in a manner involving unreasonable risk of physical harm to himself * * * is subject to liability for physical harm resulting to them" (Restatement [Second] of Torts § 390 [1965] [emphasis supplied]). The tort of negligent entrustment is based on the degree of knowledge the supplier had or should have had concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion *(see, Herbert v Whittle,* 69 Md App 273, 517 A2d 358, *cert denied* 309 Md 49, 522 A2d 393). If such knowledge can be imputed, the supplier owes a duty to foreseeable parties to withhold the chattel from the entrustee *(supra).* Most of the case law invoking this doctrine relates to the entrustment of guns or motor vehicles to children, incompetents or intoxicated persons *(see, e.g., McCrink v City of New York,* 296 NY 99; *Allstate Ins. Co. v Reliance Ins. Co.,* 85 Misc 2d 734; *Sickles v Montgomery Ward & Co.,* 6 Misc 2d 1000; *see also, Foster v Arthur,* 519 So 2d 1092 [Fla] [duty of gun owner to avoid entrusting gun to person known to be violent and dangerous]). Gun sales to such persons have also been included in this category *(see, Bernethy v Walt Failor's, Inc.,* 97 Wash 2d 929, 653 P2d 280; *see also, Howard Bros. v Penley,* 492 So 2d 965 [Miss]; *Angell v Avanzini Lbr. Co.,* 363 So 2d 571 [Fla]).

On a motion to dismiss, the judicial inquiry is limited to ascertaining whether the pleading states a cause of action cognizable at law and not whether the pleader "had any substantial hope of proving one" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.29). Accordingly, the pleadings must be liberally construed in the light most favorable to the pleader and all factual allegations must be accepted as true *(see, Meroni v Holy Spirit Assn. for Unification of World Christianity,* 119 AD2d 200, 203, *mot to dismiss appeal granted* 69 NY2d 742; *Holly v Pennysaver Corp.,* 98 AD2d 570). Here, the pleadings adequately allege that defendant supplied a danger-

ous instrumentality to someone he had reason to know was likely, because of her depressed mental state, to use it in a manner involving unreasonable risk of physical harm to herself. The duty alleged to have been breached by defendant is not, as defendant suggests, a specialized duty to prevent decedent's suicide (see, e.g., *Thomas v Williams*, 105 Ga App 321, 124 SE2d 409 [duty of jailers to reasonably protect prisoners]; *Tate v McCall Hosp.*, 57 Ga App 824, 196 SE 906 [duty of care of hospitals to protect patients from unreasonable harm]), or otherwise to control her conduct (see, *Wagshall v Wagshall*, — AD2d — [Mar. 6, 1989, 2d Dept]). Rather, it is alleged that defendant breached a general duty not to furnish a dangerous chattel to someone inexperienced or otherwise unable to understand or appreciate the danger (see, *Herbert v Whittle*, 69 Md App 273, 517 A2d 358, *supra*) or someone known to have dangerous or violent tendencies (see, *Foster v Arthur, supra*). The complaint creates issues of fact to be determined at trial.

The remaining contentions of the parties have been examined and have been found to be without merit.

MAHONEY, P. J., CASEY, WEISS and YESAWICH, JR., JJ., concur.

Order affirmed, with costs.