[629 NYS2d 563]

KAREN EARSING, Individually and as Parent and Natural Guardian of BRYAN EARSING, an Infant, et al., Appellants-Respondents, v BONNIE L. NELSON et al., Defendants, SERVICE MERCHANDISE COMPANY, INC., Appellant, and DAISY MANUFACTURING COMPANY, INC., Respondent. (Appeal No. 1.)

Fourth Department, June 9, 1995

---

### APPEARANCES OF COUNSEL

*Napier, Fitzgerald & Kirby,* Buffalo *(Kenneth Kirby* of counsel), for Karen Earsing and another, appellants-respondents.

*Feldman & Kieffer,* Buffalo *(James Kieffer* of counsel), for appellant.

*O'Shea, Reynolds & Cummings,* Buffalo *(Kevin Bauer* of counsel), for respondent.

### OPINION OF THE COURT

WESLEY, J.

I

Plaintiff Bryan Earsing was injured when he was hit by a BB shot from a gun that was manufactured by defendant Daisy Manufacturing Company, Inc. (Daisy), and sold by defendant Service Merchandise Company, Inc. (Service) to defendant Nicholas Nowinski, a 13-year-old boy. After purchasing the gun, Nowinski gave it to a 17-year-old friend, defendant Michael Garvey, for safekeeping. Plaintiffs allege that Garvey accidentally shot Bryan Earsing with the BB gun, not knowing it was loaded at the time.

Plaintiffs appeal from an order granting the motion to dismiss the first (negligence), second (negligent entrustment),

fourth (illegal sale), and sixth (derivative) causes of action of the complaint and amended complaint against Daisy. Service cross-appeals from the same order denying its motion to dismiss the first, second, third (illegal sale), and sixth causes of action of the complaint against it. Service also appeals from a subsequent order denying its motion to dismiss the same causes of action and the fifth (strict products liability) cause of action of the amended complaint against it.

Service's cross appeal is dismissed. That part of the order from which it cross-appeals was superseded by the subsequent order *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051).

On appeal, plaintiffs contend that it was error to dismiss the negligence cause of action against Daisy. Similarly, plaintiffs argue that they have stated causes of action against Daisy as well as Service for negligent entrustment and illegal sale of the air gun. Service and Daisy argue that all three causes of action should be dismissed because, whether or not they owed plaintiffs a duty to keep the air gun out of Nowinski's hands, they owed no duty to prevent Garvey from shooting Bryan Earsing.

Service also argues that the strict products liability cause of action against it should have been dismissed, because plaintiffs have not alleged that the air gun was defective. Daisy, which did not move to dismiss the strict products liability cause of action against it in Supreme Court, argues on appeal that this Court should now dismiss that cause of action. Plaintiffs respond that they have submitted an expert's affidavit to support their allegation that the air gun was defective.

Finally, Service argues, and plaintiffs concede, that a portion of plaintiff Karen Earsing's derivative cause of action must be stricken. Plaintiffs argue, however, that the remainder of Karen Earsing's derivative cause of action should be reinstated against Daisy, at least with respect to the strict products liability cause of action that Daisy did not move to dismiss, and also with respect to any other causes of action against Daisy that are reinstated.

## II

■ Supreme Court erred in dismissing the first cause of action for negligence against Daisy but properly refused to dismiss it against Service. Considering both the amended complaint and plaintiffs' affidavits on the motions *(see, Leon v Martinez,* 84 NY2d 83, 88; *Embee Advice Establishment v*

*Holtzman, Wise & Shepard,* 191 AD2d 194), plaintiffs have alleged both negligent design *(see, Lancaster Silo & Block Co. v Northern Propane Gas Co.,* 75 AD2d 55, 62) and failure to warn *(see, Cooley v Carter-Wallace Inc.,* 102 AD2d 642, 648) on the part of Daisy and Service. Although Daisy and Service had no duty to control the conduct of Garvey to prevent him from causing injury to Bryan Earsing *(see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8), Garvey's intervening acts do not automatically sever the causal connection between the alleged negligence of Daisy and Service and Bryan Earsing's injury *(see, Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 155, *appeal dismissed* 75 NY2d 947). "In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315). Whether the alleged negligence of Daisy and Service was a proximate cause of Bryan Earsing's injuries is a question of fact for the jury.

### III

■ The court also properly denied Service's motion to dismiss the second cause of action for negligent entrustment. The tort of negligent entrustment is based on the degree of knowledge the supplier of a chattel had or should have had concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion *(Splawnik v Di Caprio,* 146 AD2d 333, 335). If such knowledge can be imputed, the supplier owes a duty to foreseeable parties to withhold the chattel from the entrustee *(Splawnik v Di Caprio, supra,* at 335). Gun sales to children have been included in that category *(Splawnik v Di Caprio, supra,* at 335). There is no authority, however, to extend liability on this theory against Daisy, the manufacturer of the air gun *(see generally, Kyte v Philip Morris Inc.,* 408 Mass 162, 169-170, 556 NE2d 1025, 1028-1029; *Salinas v General Motors Corp.,* 857 SW2d 944, 948 [Tex App]), and thus the court properly dismissed that cause of action against it.

### IV

■ We further conclude that the court properly denied Service's motion to dismiss the cause of action for illegal sale but properly dismissed that cause of action against Daisy. Contrary to Service's argument, a private cause of action may fairly be implied from Penal Law § 265.10 (5), which prohibits

the sale of air guns to children under 16, and General Business Law § 399-s, which requires the posting of a sign to that effect in stores where air guns are sold. In ascertaining whether a private action may be implied, the essential factors are: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme" *(Sheehy v Big Flats Community Day,* 73 NY2d 629, 633; *Doe v Roe,* 190 AD2d 463, 471, *lv dismissed* 82 NY2d 846). Applying those factors, we conclude that a private cause of action can be inferred from those statutes *(see, Sickles v Montgomery Ward & Co.,* 6 Misc 2d 1000; *Henningsen v Markowitz,* 132 Misc 547; *cf., Masone v Unishops of Modell's,* 73 AD2d 611, *affd* 52 NY2d 855; *Willigan v Sears, Roebuck & Co.,* 33 AD2d 1033, *affd* 28 NY2d 680). Whether the alleged statutory violations were a proximate cause of the shooting by a third person turns upon the foreseeability of that person's conduct, which is a question for the jury *(see, Coker v Wal-Mart Stores,* 642 So 2d 774, 775 [Fla App], *review denied* 651 So 2d 1197; *K-Mart Enters. v Keller,* 439 So 2d 283 [Fla App], *review denied* 450 So 2d 487; *see generally, Gill v Falkowski,* 69 AD2d 934; *Gerbino v Greenhut-Siegel-Cooper Co.,* 165 App Div 763).

With respect to Daisy, Penal Law § 265.10 (5) prohibits one from disposing of air guns and other weapons to a person under the age of 16. Although the term "dispose of" is defined in Penal Law § 265.00 (6) to include offering for sale, selling, and transferring, other subdivisions of Penal Law § 265.10 address the manufacture, transport and shipment of various weapons. Similarly, General Business Law § 399-s (1) requires the posting of a notice in each "mercantile establishment in this state where air rifles or air guns are sold." It is evident that the statutes are aimed at the seller, rather than the manufacturer, of an air gun, and thus the creation of a private cause of action against the manufacturer would not be consistent with the legislative scheme.

## V

■ The court also properly denied Service's motion to dismiss the strict products liability cause of action pursuant to CPLR 3211 based upon plaintiffs' allegation that the air gun was defective because it was impossible to tell if it was loaded

*(see, Radford v Sheridan Prods.,* 181 AD2d 667). To the extent that Daisy seeks to dismiss that cause of action for different reasons, its arguments, raised for the first time on appeal, are not preserved for our review *(see, Enderby v Keppler,* 184 AD2d 1058; *Westwood Pharms. v Chu,* 164 AD2d 462, 467, *lv denied* 77 NY2d 807), and we decline to consider them *(see, ICS/Executone Telecom v Performance Parts Warehouse,* 171 AD2d 1066).

## VI

■ On appeal, plaintiffs concede that Karen Earsing has no cause of action under New York law for loss of the affection, comfort and companionship of her son. Nevertheless, the remainder of her derivative cause of action, for pecuniary loss, survives not only as against Service, but also as against Daisy.

## VII

Accordingly, the order of Supreme Court should be modified by deleting Karen Earsing's claim for loss of the affection, comfort and companionship of Bryan Earsing from the sixth cause of action and by reinstating plaintiffs' first and sixth (as amended) causes of action against Daisy; the order otherwise should be affirmed.

GREEN, J. P., LAWTON, DOERR and DAVIS, JJ., concur.

Cross appeal unanimously dismissed, and order modified, on the law, and, as modified, affirmed, without costs, in accordance with the opinion by WESLEY, J.

KAREN EARSING, Individually and as Parent and Natural Guardian of BRYAN EARSING, an Infant, et al., Respondents, v BONNIE L. NELSON et al., Defendants, and SERVICE MERCHANDISE COMPANY, INC., Appellant. (Appeal No. 2.)—Order unanimously modified, on the law, and as modified affirmed, without costs, in accordance with same opinion by Wesley, J., as in *Earsing v Nelson* (212 AD2d 66 [decided herewith]). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Dismiss Causes of Action.) Present—Green, J. P., Lawton, Wesley, Doerr and Davis, JJ.