DANIEL WILLIAMS et al., Appellants, v BEEMILLER, INC., Doing Business as HI-POINT, et al., Respondents, et al., Defendants. (Appeal No. 1.) [962 NYS2d 834]—Motion for reargument is granted in part and, upon reargument, the opinion and order entered October 5, 2012 (100 AD3d 143 [2012]) is amended by adding the following section after section III:

## IV

We reject the alternative contention of MKS in support of affirmance that plaintiffs failed to state a cause of action for common-law negligence or public nuisance under New York law (*see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546 [1983]). With respect to the common-law negligence cause of action, although " '[a] defendant generally has no duty to control the conduct of third persons so as to prevent them from harming others' " (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222, 233 [2001], quoting *D'Amico v Christie*, 71 NY2d 76, 88 [1987]), "[a] duty may arise . . . where there is a relationship . . . between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions" (*id.*). In *Hamilton*, the Court of Appeals determined that no such relationship existed because the plaintiffs were unable to draw any connection between specific gun manufacturers and the criminal wrongdoers (*id.* at 233-234). Indeed, Stephen Fox, one of the plaintiffs in *Hamilton*, did not know the source of the gun used to shoot him, and thus plaintiffs were unable to show "that the gun used to harm plaintiff Fox came from a source amenable to the exercise of any duty of care that plaintiffs would impose upon defendant manufacturers" (*id.* at 234). Here, by contrast, plaintiffs have alleged that defendants sold the specific gun used to shoot plaintiff to an unlawful straw purchaser for trafficking into the criminal market, and that defendants were aware that the straw purchaser was acting as a conduit to the criminal gun market. Thus, unlike in *Hamilton*, plaintiffs have sufficiently alleged that defendants "were a direct link in the causal chain that resulted in plaintiffs' injuries, and that defendants were realistically in a position to prevent the wrongs" (*id.*).

Further, Caldwell's intervening criminal act does not necessarily sever the causal connection between the alleged negligence of defendants and plaintiff's injury (*see Earsing v Nelson*, 212 AD2d 66, 70 [1995]). Rather, "liability turns upon whether the

intervening act is a normal or foreseeable consequence of the situation created by the defendant[s'] negligence" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997]). Here, plaintiffs allege that defendants, including MKS, knowingly participated in the sale of 140 handguns, including 87 handguns in a single transaction, to Bostic's gun trafficking ring. We conclude that those allegations are sufficient to raise a question of fact whether it was reasonably foreseeable that supplying large quantities of guns for resale to the criminal market would result in the shooting of an innocent victim (*see generally Bell*, 90 NY2d at 946; *Earsing*, 212 AD2d at 69-70). Thus, "[w]hether the alleged negligence of [MKS] was a proximate cause of [plaintiff's] injuries is a question of fact for the jury" (*Earsing*, 212 AD2d at 70).

We likewise conclude that the allegations in the complaint are sufficient to state a cause of action for public nuisance (*see Johnson v Bryco Arms*, 304 F Supp 2d 383, 398-399 [2004]; *see generally Baity v General Elec. Co.*, 86 AD3d 948, 951 [2011]). As discussed above, plaintiffs allege that defendants violated federal and state laws by selling guns to a straw purchaser, who funneled the guns into the criminal gun market, thereby posing a danger to the general public, and that plaintiff was injured by one of those guns. Thus, plaintiffs have alleged that defendants engaged in unlawful conduct that endangered the lives of "a considerable number of persons" (*Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 568 [1977], *rearg denied* 42 NY2d 1102 [1977]), and that plaintiff " 'suffered special injury beyond that suffered by the community at large' " (*Baity*, 86 AD3d at 951; *see A-1 Jewelry & Pawn, Inc.*, 247 FRD at 348; *Johnson*, 304 F Supp 2d at 398-399). and by changing the original section "IV" to section "V," and the original section "V" to section "VI." Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ. (Filed Feb. 1, 2013.)