(June 25, 1985)

■ TRAVELERS INDEMNITY COMPANY, as Subrogee of GOLODETZ TRADING CORP., Appellant, v HIDEO INOUE et al., Respondents. — Judgment, Supreme Court, New York County (Grossman, J.), entered on June 18, 1984, dismissing the complaint for lack of in personam jurisdiction, unanimously reversed, on the law, and the motion denied, with costs and disbursements. Appeal from the order, Supreme Court, New York County (Grossman, J.), entered June 8, 1984, dismissed as subsumed in the judgment, without costs.

Golodetz Trading Corp. manages merchant vessels and maintains its principal place of business in New York County. Defendants Neptune and Poseidon, who are engaged in the business

of, respectively, provisioning and storing merchant vessels and making ship repairs, are Japanese corporations maintaining their main places of business in Yokohama, Japan. Defendant Inoue is the president of both Neptune and Poseidon and resides and works in Yokohama, Japan.

It is alleged that while Golodetz transacted business with the defendants during 1980 and 1981, Inoue conspired with Golodetz's vice-president, one Christakis, to give Christakis kickbacks in exchange for payment of padded or otherwise fraudulent invoices submitted by the defendants to Golodetz in the total amount of $695,000.

Plaintiff Travelers compensated Golodetz in this amount under its fidelity bond, and, thereafter, as subrogee, it brought the instant action against these Japanese defendants in Supreme Court, New York County. The complaint alleges that Christakis and the defendants conspired to defraud Golodetz. In response to the motion to dismiss for lack of in personam jurisdiction, plaintiff submitted affidavits from Inoue admitting the kickback scheme, an affidavit from plaintiff's investigator detailing the conspiracy and an affidavit alleging that Christakis approved every invoice in the New York office.

The evidentiary facts submitted in these affidavits in conjunction with the allegations of the complaint establish the requisite jurisdiction over the defendants and sufficiently meet plaintiff's burden of sustaining the allegation of personal jurisdiction so as to defeat the motion to dismiss the complaint. (*Lamarr v Klein,* 35 AD2d 248.)

The papers reflect that Christakis committed acts in New York in furtherance of the fraudulent scheme. Pursuant to the conspiracy between Christakis and Inoue, Christakis was the defendants' "agent" in New York, and in that context the acts performed by Christakis confer jurisdiction over the Japanese defendants within the meaning of CPLR 302 (a) (2). (*American Broadcasting Cos. v Hernreich,* 40 AD2d 800; *see also, Prudential Lines v Firemen's Ins. Co.,* 91 AD2d 1, 4; *Ghazoul v International Mgt. Servs.,* 398 F Supp 307 [applying New York law].)

Also significant on the jurisdictional issue is the fact of recurrent submissions of invoices to New York by defendants to defraud Golodetz in New York. " 'Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of the state, he has, for jurisdictional purposes, acted within that state.' " (*Polish v Threshold Technology,* 72 Misc 2d 610, 612.) Concur — Murphy, P. J., Ross, Asch and Ellerin, JJ.