■ SOFTEL COMPUTERS, INC., et al., Appellants, v AARON GROSKY et al., Respondents.—Order, Supreme Court, New York County (Irma V. Santaella, J.), entered November 20, 1990, which, *inter alia,* confirmed that portion of a Referee's report which dismissed and severed the action against the individual defendants, unanimously reversed, insofar as appealed, on the law, and the motion to confirm is denied and the complaint is reinstated, without costs.

By order dated December 6, 1990, the Supreme Court held in abeyance the plaintiffs' motion pursuant to CPLR 2701 for an order directing the defendants to return computer equipment, related materials and expert witness materials and referred the issue of personal jurisdiction pursuant to CPLR 302 to a Special Referee to hear and report. After a hearing, the Referee concluded that long-arm jurisdiction had been obtained over the corporate defendant but that personal jurisdiction had not been acquired over the individual defendants. The Supreme Court, *inter alia,* adopted the Referee's recommendation that the action against the individual defendants be dismissed. We reverse.

The Referee apparently applied the "fiduciary shield doctrine", which prohibits the exercise of personal jurisdiction over an individual if his dealings in the forum State were solely in a corporate capacity, in concluding that the individual defendants were not subject to personal jurisdiction. However, the Court of Appeals has explicitly rejected this doctrine *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460). As in *Kreutter,* the individual defendants herein cannot be shielded from personal jurisdiction by having acted on behalf of the defendant corporation. Moreover, jurisdiction was properly obtained

over the individual defendants pursuant to CPLR 302 (a) (1) since they engaged in purposeful activity in New York in relation to the transactions giving rise to the complaint *(supra; Fabrikant & Sons v Adrianne Kahn, Inc.,* 144 AD2d 264).

We have considered the defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.