■ SOVEREIGN METAL CORPORATION et al., Respondents-Appellants, v RICHARD M. CIRACO et al., Appellants-Respondents, and AMBASE CORPORATION, Respondent. [621 NYS2d 296] —Order, Supreme Court, New York County (Stephen Crane, J.), entered May 14, 1993, which, insofar as appealed from, denied defendants-appellants' motion for dismissal of plaintiffs' fourth cause of action, and judgment, same court and Justice, entered August 22, 1993, which severed and dismissed the action as to defendant AmBase Corporation pursuant to CPLR 3211 (c) and 3212, unanimously affirmed, without costs.

The determination by a prior Federal jury that plaintiffs knew of the subject securities purchase for two weeks before the securities were rendered worthless was "specifically resolved" on the merits in the Federal forum after a full and fair opportunity to litigate the issue *(Browning Ave. Realty Corp. v Rubin,* 207 AD2d 263, 267), and was " 'actually determined in the prior proceeding' " *(Lamontagne v Board of Trustees,* 183 AD2d 424, 426, *lv denied* 80 NY2d 759). However, this two-week delay—or even the asserted four-week delay, assuming, arguendo, that that had been the Federal jury's actual determination—is insufficient to warrant a grant of summary judgment to defendants based on their claim that plaintiffs ratified the securities purchase. A claim of ratification "must be determined in the light of all the circumstances" *(Gordon v Elder,* 253 App Div 313, 317), and defendants have failed to establish the "necessary element of * * * intent" *(Soma v Handrulis,* 277 NY 223, 230).

Defendants' challenge to the second and third causes of action is concededly unpreserved by their notice of appeal, and we therefore do not reach it *(Molinoff v Sassower,* 99 AD2d 528, 529).

Judgment was properly awarded to the defendant parent corporation, as nothing in plaintiffs' pleadings or other papers submitted addresses the necessary elements of piercing the corporate veil: complete domination of the corporation by its owners with respect to the transaction at issue, and use of that domination to commit a fraud or wrong against the party seeking the remedy *(Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141). It is not enough for the plaintiffs to request discovery, as they have not made any affirmative showing of a "likelihood" that there is such evidence *(Finnerty v Brookhaven Mem. Hosp.,* 116 AD2d 693, 694), nor any demonstration "how further discovery might reveal the existence of" such evidence *(Home Sav. Bank v Arthurkill Assocs.,* 173 AD2d 776, 777, *lv dismissed* 78 NY2d 1071). Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.