■ PHILAN INSURANCE LTD. et al., Respondents-Appellants, v FRANK B. HALL & CO., INC., et al., Respondents, and LESLIE & GODWIN LATINO-AMERICANO, S.A., Formerly Known as FRANK B. HALL RE DE MEXICO, S.A., et al., Appellants-Respondents, et al., Defendants. [626 NYS2d 85] —Order and judgment (one paper), Supreme Court, New York County (Burton Sherman, J.), entered on or about February 16, 1993, which, *inter alia,* denied defendant Heath Fielding's motion to dismiss the complaint for lack of jurisdiction; denied the motions of defendants Heath Fielding and Leslie and Godwin (known in this litigation as "Hall Mexico") to dismiss the ninth cause of action (indemnification); dismissed the first (fraudulent concealment), fourth (interference with contract), and fifth (inducement to breach fiduciary duty) causes of action against defendants Heath Fielding and Hall Mexico; dismissed the sixth (commercial bribery) cause of action against defendants Heath Fielding, Hall Mexico, Madison Intermediaries, Keogh-Kirby Associates, and Keogh Kirby Re; and dismissed the eighth cause of action (negligence) against defendant Frank B. Hall & Co., unanimously modified, on the law, to the extent of granting the motions of defendants Heath Fielding and Hall Mexico to dismiss the ninth cause of action (indemnification), and otherwise affirmed, without costs.

Defendant Heath Fielding's motion to dismiss the entire action on jurisdictional grounds was properly denied. By alleging that Heath Fielding's agent entered New York to take part in discussions directly related to Heath Fielding's allegedly tortious conduct, plaintiffs sufficiently pleaded facts *(see, Peterson v Spartan Indus.,* 33 NY2d 463) showing jurisdiction under CPLR 302 (a) (1) and (2) *(see, Reiner & Co. v Schwartz,* 41 NY2d 648, 653; *Travelers Indem. Co. v Inoue,* 111 AD2d 686).

The fourth and fifth causes of action, alleging interference with contractual and fiduciary duties, should not have been dismissed as time-barred, since there was a factual question, not ripe for resolution at the pleading stage, as to whether the doctrine of equitable estoppel should apply *(see, General Stencils v Chiappa,* 18 NY2d 125). Nevertheless, we affirm the dismissal of these causes of action, as well as the first and sixth (fraudulent concealment and commercial bribery), for failure to state a cause of action, since plaintiffs' allegations are insufficient to show that defendants Heath Fielding and Hall Mexico owed them any fiduciary duty *(Philan Ins. v Hall*

*& Co.,* 748 F Supp 190, 197), nor are these defendants alleged to have "conspired" with any entity who did, and since it is undisputed that plaintiffs' dishonest employee initiated his own misconduct without requiring any encouragement from these defendants *(see, Click Model Mgt. v Williams,* 167 AD2d 279, *lv denied* 77 NY2d 805).

The motion by defendant Frank B. Hall & Co. (the parent company) to dismiss the eighth cause of action, alleging negligence, was properly granted. Plaintiffs' allegations are insufficient to impose liability upon the parent for the alleged conduct of its subsidiary and the subsidiary's employee *(Musman v Modern Deb,* 50 AD2d 761, 762-763).

The motions by defendants Heath Fielding and Hall Mexico to dismiss the ninth cause of action, purporting to be for "indemnification", should have been granted, since plaintiffs do not claim to be liable for damages to third parties *(Mas v Two Bridges Assocs.,* 75 NY2d 680, 689-690). Instead, plaintiffs are claiming damages to themselves as a result of accepting unprofitable insurance business that they would not have accepted but for these defendants' alleged wrongful conduct. However, as there are no theories of liability still standing as against these defendants, the "indemnification" claim must accordingly fall as well. We therefore modify by dismissing the ninth cause of action against those defendants.

We perceive no basis warranting leave to plaintiffs to replead any dismissed causes of action *(see, Mobil Oil Corp. v Joshi,* 202 AD2d 318). Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.