■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants-Respondents, v EAGLE EQUIPMENT TRUST et al., Respondents-Appellants. NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Appellants, v RICHARD A. COHN as Trustee for EAGLE EQUIPMENT TRUST, et al., Respondents. [633 NYS2d 308] —Order, Supreme Court, New York County (Joan Lobis, J.), entered October 8, 1992, which granted defendant First Western Investments' motion to dismiss the complaint as against it for lack of personal jurisdiction, and granted plaintiffs' cross motion for leave to amend the complaint only to the extent of permitting joinder of Eagle Equipment Trust as a defendant; order, same court (Joan Lobis, J.), entered March 18, 1994, which granted plaintiffs' motion for reargument so as to consider whether First Western is Eagle's alter ego and should be held liable for its debts, and, upon reargument, adhered to the prior decision dismissing the action against First Western; order, same court (Walter Schackman, J.), entered on or about March 18, 1994, which denied plaintiffs leave to amend the complaint so as to add nonparty Samuels as a defendant; and order, same court (Walter Schackman, J.), entered August 4, 1994, which, *inter alia,* granted defendants' motion to dismiss the complaint as against defendant Cohn for lack of personal jurisdiction, and to dismiss as time-barred so much of the complaint as seeks to recover for claims that accrued prior to June 30, 1987, unanimously affirmed, with one bill of costs.

There is no authority for applying, by analogy, a theory of "piercing the corporate veil" to disregard the form of a trust, when the trust was not formed for an illegal purpose and there is the requisite separation between beneficiary and trustee (*cf., National Superlease v Reliance Ins. Co.*, 123 AD2d 608, 609, *lv denied* 69 NY2d 611). Even if it were permissible to proceed on such a theory, plaintiffs have not alleged facts tending to show

that defendant trust is a "dummy" by which the trustee is carrying on business in a purely personal capacity for purely personal ends, rather than the ends of the trust (*see, Walkovszky v Carlton*, 18 NY2d 414, 418), or that the alleged improper domination of defendant trust, by any of the other defendants or proposed defendants, directly caused plaintiffs any damages (*see, Sovereign Metal Corp. v Ciraco*, 210 AD2d 75, 76). Accordingly, the acts of defendant trust cannot be a basis for personal jurisdiction over any of the other defendants or proposed defendants, who have not themselves committed any purposeful act in New York with respect to this transaction (*cf., Softel Computers v Grosky*, 183 AD2d 527), but rather acted as agents for defendant trust, a disclosed principal (*see, Walz v Todd & Honeywell*, 195 AD2d 455). As agents, the other defendants and proposed defendants are not vicariously liable for the acts of defendant trust or otherwise united in interest with it such that the Statute of Limitations would not apply (*cf., Vazquez v City of New York*, 217 AD2d 614). Nor is there any basis for allowing plaintiffs to conduct discovery on the issue of control of defendant trust (*see, Sovereign Metal Corp. v Ciraco, supra*). Concur—Ellerin, J. P., Wallach, Nardelli and Tom, JJ.