■ LAUR & MACK CONTRACTING Co., INC., Appellant-Respondent, v DINO DiCIENZO, SR., Respondent-Appellant. LAUR & MACK CONTRACTING Co., INC., Third-Party Plaintiff-Appellant, v ARMAND CERRONE, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [651 NYS2d 831] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion and cross motion for an order compelling arbitration and properly granted defendant's motion to stay arbitration. Plaintiff was hired as the general contractor for the construction of a hotel in Niagara Falls, New York, and commenced this action to recover the final payment allegedly due on that contract. Defendant, the owner of the project, counterclaimed, alleging that plaintiff did not perform certain work in accordance with the contract and specifications. By commencing this action, actively conducting discovery and opposing a counterclaim for two years, plaintiff waived its right to arbitration of issues arising out of the contract (*see, Sherrill v Grayco Bldrs.*, 64 NY2d 261; *cf., De Sapio v Kohlmeyer*, 35 NY2d 402, 405). We reject the contention that the Federal Arbitration Act (9 USC § 1 *et seq.*) is controlling in this case. Plaintiff raised that issue for the first time on a motion for reargument, and no appeal lies from the court's denial of reargument (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). Even assuming, arguendo, that the issue is reviewable on appeal from the order that denied plaintiff's initial motion to compel arbitration (*see, Caldwell v Caldwell*, 209 AD2d 1022; *Belliveau v Town of Brookhaven*, 171 AD2d 636), the record does not establish that the Act applies. There is no evidence that the contract involves any interstate or foreign transaction. The record establishes only that defendant resides in

Canada, which, by itself, is insufficient to establish that the Act applies (*see, Mathews v Fluor Corp.*, 312 SC 404, 440 SE2d 880; *Timms v Greene*, 310 SC 469, 427 SE2d 642).

The court did not err in denying defendant's cross motion for summary judgment. Issuance of an architect's certificate is a condition precedent to final payment, and factual issues exist whether defendant prevented plaintiff from performing the work essential to issuance of that certificate. (Appeals from Order of Supreme Court, Niagara County, Rath, Jr., J.—Arbitration.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.