■ ROLF SOVIK, Also Known as PANDIT UPADESH, Individually and on Behalf of all Others Similarly Situated, et al., Respondents, v HEALING NETWORK et al., Defendants, and ROB-

ERT HUGHES, Appellant. (Appeal No. 1.) [665 NYS2d 997] —Order unanimously affirmed with costs. Memorandum: Rolf Sovik, Psy.D. (also known as Pandit Upadesh) (plaintiff), is a licensed psychologist employed in the Buffalo, New York, area and is one of three Hindu priests in the United States ordained in the Himalayan tradition. He is the spiritual leader of plaintiff Himalayan Institute of Buffalo, Inc. (Institute), a branch center of the Himalayan International Institute of Yoga Science and Philosophy of the USA (Himalayan International). Defendant The Healing Network (THN), is a North Carolina nonprofit corporation whose principal purpose is to provide education and support, including financial support for litigation, to women who are victims of sexual abuse. The complaint alleges that, during March and April 1995, defendant Erin Wolfe, a New York resident and agent of THN and its officers, mailed letters to all or several members of the Institute informing them of the training policies of Himalayan International and stating, "Twenty-five years have passed since that training first began. In that time we have discovered that scores of women have been sexually coerced and exploited by Swami Rama and other senior teachers." The complaint additionally alleges that the letter was coauthored and copublished by defendants Jim Young, THN's president; Robert Hughes, its vice-president; and Prafulla Patel, its treasurer. Plaintiff, individually and on behalf of all senior teachers, and the Institute, on its own behalf and on behalf of Himalayan International, seek damages for libel.

Two months after issue was joined, defendant Hughes moved for summary judgment dismissing the complaint, contending that he did not participate in the writing of the letter or its dissemination and that he was not an officer of THN at the time the letter was prepared and published. Supreme Court properly denied that motion pursuant to CPLR 3212 (f). Plaintiffs established that facts essential to justify opposition may exist but cannot be stated without conducting discovery concerning the involvement of defendant Hughes in the drafting and publication of the letter and his status as an officer or director of THN at the relevant times.

Defendant Hughes also appeals from an order denying his motion for leave to renew or reargue the motion for summary judgment. No appeal lies from an order denying reargument (see, *Laur & Mack Contr. Co. v DiCienzo*, 234 AD2d 999; *New York State Div. of Human Rights v Filtration Prods. Group*, 198 AD2d 761). Even assuming, arguendo, that defendant Hughes justified his failure at the time of the original motion

to submit evidence that he was not a director of THN, the court properly denied leave to renew. Regardless of that additional evidence, plaintiffs are nevertheless entitled to conduct discovery to challenge that evidence (*see, Schoen v Rochester Gas & Elec.*, 242 AD2d 928).

Defendants THN and Patel moved and defendant Young cross-moved for summary judgment dismissing the complaint on the ground that they are not subject to long-arm jurisdiction and for failure to state a cause of action. The court properly denied that part of the motion and cross motion seeking dismissal based on lack of jurisdiction pursuant to CPLR 3212 (f) because plaintiffs are entitled to conduct discovery on essential facts pertaining to jurisdiction. Plaintiffs have made a "sufficient start" in demonstrating that facts may exist to establish that solicitation of funds by dissemination of the letter to members of the Institute constitutes the transaction of business under CPLR 302 (a) (1) (*Peterson v Spartan Indus.*, 33 NY2d 463, 467; *see, Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467); that defendants Young, Hughes and Patel drafted the letter and either distributed or authorized the distribution of the letter in the Buffalo area and, thus, that their active involvement and personal control over the writing and distribution of the allegedly defamatory statement is a sufficient basis for the acquisition of long-arm jurisdiction over those defendants as individuals (*see, Kreutter v McFadden Oil Corp., supra*, at 470-471; *Softel Computers v Grosky*, 183 AD2d 527); and that defendant Wolfe "engaged in purposeful activities in this State in relation to [her] transaction for the benefit of and with the knowledge and consent of [THN and its officers] and that [the officers] exercised some control over [defendant Wolfe] in the matter" (*Kreutter v McFadden Oil Corp., supra*, at 467).

The court also properly denied those parts of the motion and cross motion seeking dismissal of the complaint for failure to state a cause of action. Statements that charge a person with sexual abuse or misconduct or that imply that a person engaged in such conduct are defamatory (*see, Cuthbert v National Org. for Women*, 207 AD2d 624, 625-626). Although plaintiff is not named in the allegedly defamatory letter, he may nevertheless maintain an action for libel if he can establish that he is a member of the group that has been defamed and that the group is small enough that a reader would understand that the defamatory statement refers to him (*see, Gross v Cantor*, 270 NY 93, 96; *Brady v Ottaway Newspapers*, 84 AD2d 226, 231-239). Plaintiff submitted evidence establishing that there are 15 "senior teachers" in the United States, that the allegedly de-

famatory letter was mailed to members of the Institute and that he is the spiritual leader of the Institute and the only senior teacher located within a 300-mile radius of the Buffalo area. That evidence is sufficient to raise a factual issue whether the allegedly defamatory statement is " 'of and concerning' " plaintiff (*Gross v Cantor, supra,* at 96; *see also, Bornmann v Star Co.,* 174 NY 212; *Brady v Ottaway Newspapers, supra,* at 231-239; *Neiman-Marcus v Lait,* 13 FRD 311; *Fawcett Publs. v Morris,* 377 P2d 42 [Okla], *cert denied* 376 US 513, *reh denied* 377 US 925). There is no merit to the contention that plaintiff is a public figure and thus was required to allege actual malice. There is no proof that plaintiff has achieved general fame or notoriety or "assumed [a] role[ ] of especial prominence in the affairs of society" (*Gertz v Robert Welch, Inc.,* 418 US 323, 345). Further, through his teaching on behalf of the Institute and Himalayan International and his articles on yoga intended principally for members of Himalayan International, plaintiff has not "voluntarily injected [himself] into the vortex of [the] particular public controversy [at issue] in order to influence its outcome" (2 PJI 2d 108 [1997 Supp]) and thus is not a "limited issue" public figure (*see, Greenberg v CBS, Inc.,* 69 AD2d 693, 705).

Defendant Wolfe contends that the complaint should be dismissed because her alleged publication of the letter is protected by a qualified privilege. Because that issue is raised by defendant Wolfe for the first time on appeal, it has not been preserved for our review (*see, Matter of Rodgers v Crumb,* 242 AD2d 874; *Jonas v Faith Props.,* 221 AD2d 959, 961). (Appeal from Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Lawton, J. P., Hayes, Doerr, Balio and Fallon, JJ. [As amended by unpublished order entered Mar. 13, 1998.]