■ AUDREY A. TUCKER, Respondent, v ROY S. SANDERS et al., Appellants, et al., Defendant. [904 NYS2d 618]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 10, 2009. The order denied the motion of defendants Roy S. Sanders and Sanders Investors, Inc. to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages resulting from defendants' alleged fraud, deceptive business practices, and breach of fiduciary duty and covenant of good faith with respect to a real estate investment made by plaintiff in Florida. Roy S. Sanders and Sanders Investors, Inc. (collectively, defendants) moved to dismiss the complaint on the ground that Supreme Court lacked personal jurisdiction over them. In a supporting affidavit, Sanders stated that he and his corporation are domiciled in Florida and that neither he nor his corporation conduct business in New York. Plaintiff in opposition contended that defendants are subject to personal jurisdiction inasmuch as they and their coconspirator, defendant John C. Kanaley, transmitted fraudulent statements to plaintiff in New York and committed acts in furtherance of the fraud. We conclude that the court properly denied the motion.

In order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff "need only demonstrate that facts 'may exist' to exercise personal jurisdiction over the defendant[s]" (*Ying Jun Chen v Lei Shi*, 19 AD3d 407, 408 [2005], quoting *Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]).

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act within the state," with one exception not relevant here (CPLR 302 [a] [2]). Here, it is undisputed that plaintiff and Sanders met at a hotel in Syracuse to discuss investment opportunities, although the parties do not agree with respect to the extent of that conversation. According to the evidence submitted by plaintiff in opposition to the motion, during the meeting Sanders told her about a specific real estate investment opportunity known as "Key Marco" in Florida and showed her a booklet concerning the Key Marco property. In addition, Sanders told her that he had "control" over several of the vacant lots, indicated that Key Marco was "a phenomenal business opportunity," and assured plaintiff that he was "fully devoted to this Key Marco project." After the meeting, Sanders sent e-mail and mail correspondence to plaintiff's address in New York that, according to plaintiff, contained material misrepresentations in furtherance of the alleged fraud. Thus, accepting the facts as alleged in the complaint as true and according plaintiff the benefit of every possible favorable inference, as we must on a motion to dismiss (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that plaintiff has set forth sufficient facts to render defendants subject to the court's jurisdiction based on their allegedly tortious conduct in New York (see CPLR 302 [a] [2]; *CPC Intl. v McKesson Corp.*, 70 NY2d 268, 286-287 [1987]; *Bernstein v Kelso & Co.*, 231 AD2d 314, 325 [1997]; *Philan Ins. v Hall & Co.*, 215 AD2d 112 [1995]).

We further conclude in any event that plaintiff sufficiently pleaded that Kanaley, a New York resident, acted as defendants' agent with respect to the real estate investment at issue (see CPLR 302 [a] [2]), and thus that the motion was properly denied on that ground as well. Kanaley arranged the meeting between Sanders and plaintiff and ultimately received compensation from Sanders. Moreover, Kanaley relayed numerous messages to plaintiff on behalf of Sanders concerning the Key Marco property. We thus conclude that plaintiff has set forth sufficient facts from which to conclude that Kanaley "engaged in purposeful activities in this State in relation to his transaction for the benefit of and with the knowledge and consent of the . . . defendants and that they exercised some control over [Kanaley] in this matter" (*Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 467 [1988]; see *Philan Ins.*, 215 AD2d at 112). Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.