# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**397**

**CA 11-01982**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, BY ERIC
SCHNEIDERMAN, ATTORNEY GENERAL OF THE STATE OF
NEW YORK, PLAINTIFF-APPELLANT,

          V                          MEMORANDUM AND ORDER

FRISCO MARKETING OF NY LLC, DOING BUSINESS AS
SMARTBUY AND SMARTBUY COMPUTERS AND ELECTRONICS,
ET AL., DEFENDANTS,
STUART L. JORDAN, INDIVIDUALLY AND AS CHAIRMAN
AND/OR CEO OF FRISCO MARKETING OF NY LLC AND AS
AN OFFICER AND/OR DIRECTOR OF INTEGRITY FINANCIAL
OF NORTH CAROLINA, INC., AND OF BRITLEE, INC.,
REBECCA WIRT, INDIVIDUALLY AND AS AN OFFICER
AND/OR DIRECTOR OF INTEGRITY FINANCIAL OF NORTH
CAROLINA, INC., AND OF BRITLEE, INC., AND JOHN
PAUL JORDAN, INDIVIDUALLY AND AS AN OFFICER
AND/OR DIRECTOR OF INTEGRITY FINANCIAL OF NORTH
CAROLINA, INC., DEFENDANTS-RESPONDENTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ZAINAB A. CHAUDHRY OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

HISCOCK & BARCLAY, LLP, SYRACUSE (MARK MCNAMARA OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh
A. Gilbert, J.), entered November 17, 2010.  The order granted the
amended motions of defendants Stuart L. Jordan, individually and as
chairman and/or CEO of Frisco Marketing of NY LLC and as an officer
and/or director of Integrity Financial of North Carolina, Inc., and of
Britlee, Inc., Rebecca Wirt, individually and as an officer and/or
director of Integrity Financial of North Carolina, Inc., and of
Britlee, Inc., and John Paul Jordan, individually and as an officer
and/or director of Integrity Financial of North Carolina, Inc., to
dismiss plaintiff's complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the amended motions and
reinstating the complaint against defendants Stuart L. Jordan, Rebecca
Wirt and John Paul Jordan, individually and in their corporate
capacities, and as modified the order is affirmed without costs.

Memorandum:  In this action seeking, inter alia, to enjoin

allegedly fraudulent business conduct, plaintiff appeals from an order that granted the amended motions of defendants Stuart L. Jordan, Rebecca Wirt and John Paul Jordan, individually and in their corporate capacities (collectively, the individual defendants), to dismiss the complaint against them on the ground that Supreme Court lacked personal jurisdiction over them.  We agree with plaintiff that the court erred in granting the motions.  We therefore modify the order by denying the motions and reinstating the complaint against the individual defendants.  In addition, we note that plaintiff cross-moved to dismiss the affirmative defenses of lack of personal jurisdiction, and that the court's failure to rule on the cross motion is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).  Inasmuch as plaintiff does not address the denial of the cross motion in its brief on appeal, we conclude that it has abandoned any contentions with respect to that issue (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Pursuant to the New York long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]).  "As the party seeking to assert personal jurisdiction, the plaintiff bears the burden of proof on [that] issue" (*Castillo v Star Leasing Co.*, 69 AD3d 551, 551; *see Joseph v Siebtechnik, G.M.B.H.*, 172 AD2d 1056) but, "[i]n order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[s]" (*Tucker v Sanders*, 75 AD3d 1096, 1096 [internal quotation marks omitted], *see Peterson v Spartan Indus.*, 33 NY2d 463, 467; *Castillo*, 69 AD3d at 552).

Here, we conclude that plaintiff "demonstrate[d] that facts may exist to exercise personal jurisdiction over the [individual] defendant[s]" (*Tucker*, 75 AD3d at 1096 [internal quotation marks omitted]).  In opposition to the motions, plaintiff submitted documents establishing that the individual defendants were three siblings who controlled the businesses at issue.  They signed the leases for the stores where the allegedly fraudulent sales took place, they were officers of the corporations that made those sales, and they were also officers of the corporations that financed those sales at deceptive and usurious rates.  Furthermore, the complaint alleges that the stores did not make any legitimate sales, but rather the sole purpose of the stores was to engage in deceptive, usurious and fraudulent sales to members of the armed services.  Considering all of the evidence and accepting the allegations in the complaint as true, as we must on a motion to dismiss (*see Leon v Martinez*, 84 NY2d 83, 87-88; *Tucker*, 75 AD3d at 1097), we conclude that "CPLR 302 (a) (1) jurisdiction is proper 'even though the [individual] defendant[s] never enter[ed] New York, [inasmuch as their] activities here were purposeful and there is a substantial relationship between the transaction[s] and the claim[s] asserted' " (*Fischbarg v Doucet*, 9 NY3d 375, 380, quoting *Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 7 NY3d 65, 71, *cert denied* 549 US 1095; *cf. SPCA of Upstate N.Y., Inc. v American Working Collie Assn.*, ___ NY3d ___, ___ [Feb. 9,

2012]).

      In addition, "[s]o long as a party avails itself of the benefits
of the forum, has sufficient minimum contacts with it, and should
reasonably expect to defend its actions there, due process is not
offended if that party is subjected to jurisdiction even if not
'present' in that State" (*Kreutter v McFadden Oil Corp*., 71 NY2d 460,
466).  Based upon the aforementioned contacts that the individual
defendants had with New York, we agree with plaintiff that due process
is not offended by subjecting the individual defendants to the
jurisdiction of the New York courts.

Entered:  March 23, 2012                          Frances E. Cafarell
                                                  Clerk of the Court