Salter v Meta Platforms, Inc. (2025 NY Slip Op 03896)

Salter v Meta Platforms, Inc.

2025 NY Slip Op 03896

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

356 CA 24-00476

[*1]KIMBERLY J. SALTER, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF AARON W. SALTER, JR., DECEASED, ET AL., PLAINTIFFS-APPELLANTS,
v
META PLATFORMS, INC., FORMERLY KNOWN AS FACEBOOK, INC., ET AL., DEFENDANTS, BLAKE WALDROP AND CORY CLARK, DEFENDANTS-RESPONDENTS. 

CONNORS LLP, BUFFALO (TERRENCE M. CONNORS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BOND, SCHOENECK & KING, PLLC, BUFFALO (MITCHELL J. BANAS, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered February 9, 2024. The order granted the motion of defendants Blake Waldrop and Cory Clark to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendants Blake Waldrop and Cory Clark.
Memorandum: In May 2022, an 18-year-old man (shooter) committed a racially motivated mass shooting at a grocery store in Buffalo, resulting in the death of 10 people and injuries to many others. Plaintiffs commenced this action against, among other parties, defendant RMA Armament, Inc., doing business as RMA (RMA), which sold to the shooter body armor that he wore during the attack, and Blake Waldrop and Cory Clark (individual defendants). According to the complaint, Waldrop, during the relevant time period, was the chief executive officer and majority owner of RMA, and Clark was a social media spokesperson and customer service representative for RMA. Clark allegedly communicated directly with the shooter to effectuate the sale of body armor.
The complaint alleges that the RMA body armor protected the shooter from a security guard's gunfire, thereby allowing the shooter to kill the security guard and shoot more people inside and outside of the store. Plaintiffs seek to hold the individual defendants personally liable for their respective roles in providing the body armor to the shooter, asserting jurisdiction over the individual defendants under CPLR 302 (a) (1) and (3).
The individual defendants moved to dismiss the complaint against them for lack of personal jurisdiction (see CPLR 3211 [a] [8]). Supreme Court granted the motion, concluding that plaintiffs failed to "satisfy the elements for long arm jurisdiction" over either of the individual defendants. Although the court added that it fully expected that both individual defendants would likely "be deposed during the course of discovery regarding RMA's liability," it denied plaintiffs' alternative request for permission to engage in jurisdictional discovery. Plaintiffs now appeal from an order granting the motion, and we conclude that plaintiffs are entitled to jurisdictional discovery before it can be determined whether dismissal is warranted (see Williams v Beemiller, Inc., 100 AD3d 143, 152 [4th Dept 2012], amended on rearg 103 AD3d 1191 [4th Dept 2013]).
New York's long-arm statute confers personal jurisdiction over "any non-domiciliary . . . [*2]who in person or through an agent" either "transacts any business within the state or contracts anywhere to supply goods or services in the state" (CPLR 302 [a] [1]). Jurisdiction attaches under that provision "so long as the defendant's activities [in New York] were purposeful and there is a substantial relationship between the transaction and the claim asserted" (Fischbarg v Doucet, 9 NY3d 375, 380 [2007] [internal quotation marks omitted]; see McGowan v Smith, 52 NY2d 268, 272-273 [1981]). Alternatively, a New York court can obtain jurisdiction over a nondomiciliary who "commits a tortious act without the state causing injury to person or property within the state . . . if [the nondomiciliary] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302 [a] [3]; see LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 214 [2000]).
If it is determined that a defendant's relationship with New York falls within the scope of the long-arm statute, then the court must further consider whether exercising jurisdiction over that defendant would comport with principles of due process (see Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019]; LaMarca, 95 NY2d at 214). "Due process requires that a nondomiciliary have certain minimum contacts with the forum and that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (Williams, 33 NY3d at 528 [internal quotation marks omitted]; see International Shoe Co. v Washington, 326 US 310, 316 [1945]).
"As the parties seeking to assert personal jurisdiction, plaintiffs bear the burden of proof on that issue" (Williams, 100 AD3d at 152-153; see Fischbarg, 9 NY3d at 381 n 5). Nevertheless, as we have held, "[i]n order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant[s]" (Tucker v Sanders, 75 AD3d 1096, 1096 [4th Dept 2010] [emphasis added & internal quotation marks omitted]; see Best v Guthrie Med. Group, P.C., 175 AD3d 1048, 1050-1051 [4th Dept 2019]; Williams, 100 AD3d at 153). We agree with plaintiffs that they have set forth a "sufficient start" (Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]) to show that their position is not " 'frivolous' " (Williams, 100 AD3d at 153; see Peterson, 33 NY2d at 467).
The issue here concerns the court's jurisdiction over one of RMA's principals and one of its employees, regardless of the court's jurisdiction over RMA. With respect to Waldrop, plaintiffs allege that he was intimately involved in the daily operations of RMA, was involved in developing the body armor used by the shooter, and was directly involved in the marketing and sales of that body armor. They also allege that he chose to allow the sale of body armor to civilians, i.e., non-military and non-law enforcement personnel, or was "deliberately indifferent" to such sales, and that he knew RMA body armor was being marketed to and sold in New York. We conclude that those allegations are sufficient to warrant discovery on the matter of personal jurisdiction vis-à-vis Waldrop (see Williams, 100 AD3d at 153-154; cf. Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487 [1st Dept 2017]; see generally Penguin Group [USA] Inc. v American Buddha, 16 NY3d 295, 302 [2011]).
With respect to Clark, plaintiffs allege that he, personally, marketed the body armor to, and communicated directly with, the shooter, encouraging him to purchase the body armor, either knowing or having reason to know that the shooter was a civilian. Plaintiffs further allege that, as a result of that individual conduct, Clark knew that RMA's body armor was being sold to civilians in New York, presenting grave risks to New York residents. We thus likewise conclude that plaintiffs' allegations are sufficient to warrant discovery on the matter of personal jurisdiction vis-à-vis Clark (see Williams, 100 AD3d at 153-154; cf. Coast to Coast Energy, Inc., 149 AD3d at 487; see generally Penguin Group [USA] Inc., 16 NY3d at 302).
Inasmuch as we conclude that plaintiffs "are entitled to conduct discovery on essential facts pertaining to jurisdiction" (Sovik v Healing Network, 244 AD2d 985, 987 [4th Dept 1997], amended on rearg 679 NYS2d 858 [4th Dept 1998]), we reverse the order, deny the individual defendants' motion and reinstate the complaint against them.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court