Hoover v Cloud 9 Smokes & Vapors (2025 NY Slip Op 04401)

Hoover v Cloud 9 Smokes & Vapors

2025 NY Slip Op 04401

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., SMITH, NOWAK, AND HANNAH, JJ.

545 CA 24-00870

[*1]PATRICK J. HOOVER, PLAINTIFF-APPELLANT,
v
CLOUD 9 SMOKES & VAPORS, ET AL., DEFENDANTS, LG CHEM LIMITED, AND LG CHEM AMERICA, INC., DEFENDANTS-RESPONDENTS. 

BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LEWIS BRISBOIS BISGAARD & SMITH LLP, NEW YORK CITY (WENDY S. DOWSE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

 Appeal from an order of the Supreme Court, Erie County (Mario A. Giacobbe, A.J.), entered February 14, 2024 in an action for, inter alia, strict products liability. The order, insofar as appealed from, granted the motions of defendants LG Chem Limited and LG Chem America, Inc., to dismiss the complaint against them and denied the cross-motion of plaintiff insofar as it sought jurisdictional discovery. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motions of defendants LG Chem America, Inc. and LG Chem Limited are denied, the complaint is reinstated against those defendants, and plaintiff's cross-motion is granted insofar as it sought jurisdictional discovery.
Memorandum: In this action for, inter alia, strict products liability, plaintiff seeks damages for burn injuries he sustained when one or more allegedly "defective lithium-ion . . . batteries" spontaneously ignited while in his clothing. Plaintiff, as limited by his brief, appeals from an order insofar as it granted the motions of LG Chem America, Inc. (LGCAI) and LG Chem Limited (LG Chem) (collectively, defendants) seeking to dismiss against them the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction, and denied plaintiff's cross-motion insofar as it sought jurisdictional discovery. We reverse the order insofar as appealed from inasmuch as we agree with plaintiff that he is entitled to jurisdictional discovery before it can be determinated whether dismissal for lack of personal jurisdiction is warranted (see Williams v Beemiller, Inc., 100 AD3d 143, 152 [4th Dept 2012], amended on rearg 103 AD3d 1191 [4th Dept 2013]).
Here, LG Chem is a Korean company, and LGCAI is a subsidiary of LG Chem with its headquarters in Delaware and principal place of business in Georgia. "In determining whether the exercise of personal jurisdiction over a nondomiciliary defendant is proper, a court must assess whether the requirements of New York's long-arm statute have been met and, if so, whether a finding of personal jurisdiction comports with federal due process" (Williams v Beemiller, Inc., 159 AD3d 148, 152 [4th Dept 2018], affd 33 NY3d 523 [2019]). "Although the ultimate burden of proof rests with the party asserting jurisdiction, in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (8), the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction" (Barone v Bausch & Lomb, Inc., 191 AD3d 1365, 1366 [4th Dept 2021]). Indeed, "[i]n order to defeat a motion to dismiss based upon lack of personal jurisdiction, a plaintiff need only demonstrate that facts may exist to exercise personal jurisdiction over the defendant" (Tucker v Sanders, 75 AD3d 1096, 1096 [4th Dept 2010] [emphasis added & internal quotation marks omitted]; see Best v Guthrie Med. Group, P.C., 175 AD3d 1048, 1050-1051 [4th Dept 2019]; Williams, 100 AD3d at 153). "The facts [*2]alleged in the complaint and affidavits in opposition to such a motion to dismiss are deemed true and construed in the light most favorable to the plaintiff, and all doubts are to be resolved in favor of the plaintiff" (Fanelli v Latman, 202 AD3d 758, 759 [2d Dept 2022] [internal quotation marks omitted]; see Tucker, 75 AD3d at 1097; see also Zeidan v Scott's Dev. Co., 173 AD3d 1639, 1639-1640 [4th Dept 2019]).
We agree with plaintiff that he has set forth a " 'sufficient start' " (Best, 175 AD3d at 1050; see Williams, 100 AD3d at 154; see generally Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]) to demonstrate that his position is not " 'frivolous' " (Williams, 100 AD3d at 153; cf. Glazer v Socata, S.A.S., 170 AD3d 1685, 1687 [4th Dept 2019], lv denied 33 NY3d 911 [2019]), and thus that plaintiff "[is] entitled to conduct discovery on essential facts pertaining to [the issue of Supreme Court's] jurisdiction" over defendants (Sovik v Healing Network, 244 AD2d 985, 987 [4th Dept 1997], amended on rearg 679 NYS2d 858 [4th Dept 1998]; see Williams, 100 AD3d at 153-154; cf. Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487 [1st Dept 2017]). We therefore conclude that defendants' motions should be denied, that the complaint should be reinstated against them, and that plaintiff's cross-motion should be granted insofar as it sought jurisdictional discovery.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court