■ Norma Mitaro et al., Appellants, v Medtronic, Inc., Also Known as Medtronic, et al., Respondents, et al., Defendants. [900 NYS2d 899]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 9, 2009, as granted those branches of the motion of the defendants Medtronic, Inc., also known as Medtronic, Medtronic Puerto Rico, Inc., Medtronic International Technology, Inc., Medtronic Puerto Rico Operations Co., Inc., Medtronic Puerto Rico Operations Co., and Medtronic USA, Inc., which were pursuant to CPLR 3211 (a) (2) to dismiss the causes of action alleging strict liability based on failure to warn and defective design, negligence, negligence per se, and breach of implied warranty insofar as asserted against them for lack of subject matter jurisdiction based upon federal preemption.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contentions, the causes of action alleging strict liability based on failure to warn and defective

design, negligence, negligence per se, and breach of implied warranty are preempted by the Federal Drug Cosmetics Act, as amended by the Medical Device Act of 1976 (hereinafter the MDA) (*see* 21 USC § 360e). This is because the claims alleged by the plaintiffs under state law impose requirements with respect to the medical device at issue here that are "different from, or in addition to [the federal] requirement," and because they relate to either the "safety or effectiveness" of the medical device under the MDA (21 USC § 360k [a] [1], [2]; *Reigel v Medtronic, Inc.*, 552 US 312, 324-325 [2008]; *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 592 F Supp 2d 1147, 1158-1164 [2009]). Accordingly, the Supreme Court correctly granted those branches of the respondents' motion which were pursuant to CPLR 3211 (a) (2) to dismiss the causes of action alleging strict liability based on failure to warn and defective design, negligence, negligence per se, and breach of implied warranty insofar as asserted against them for lack of subject matter jurisdiction based upon federal preemption.

The plaintiffs' remaining contentions are without merit. Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur. **[Prior Case History: 23 Misc 3d 1122(A), 2009 NY Slip Op 50888(U).]**