■ AMERICO PELLECHIA, Appellant, v PARTNER AVIATION ENTERPRISES, INC., Doing Business as EMPIRE AIRWAYS, Respondent. [916 NYS2d 130]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated September 16, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This is an action to recover damages for injuries allegedly sustained by the then-76-year-old plaintiff on June 22, 2007, when he allegedly slipped and fell as he was walking down the

steps of a charter jet owned and operated by the defendant, Partner Aviation Enterprises, Inc., doing business as Empire Airways. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, and we affirm.

To the extent the plaintiff's action is based on claims that the defendant's disembarking procedures and services were inadequate, they are preempted by federal law (*see Air Transp. Assn. of Am., Inc. v Cuomo*, 520 F3d 218 [2008]; *Rombom v United Air Lines, Inc.*, 867 F Supp 214 [1994]). Although, as the plaintiff points out, preemption was first raised by the defendant in its reply papers, it involves subject-matter jurisdiction, which may be raised at any time (*see Mitaro v Medtronic, Inc.*, 73 AD3d 1142 [2010]; *Matter of MHS Venture Mgt. Corp. v Utilisave, LLC*, 63 AD3d 840 [2009]).

To the extent the plaintiff's claims against the defendant are not preempted by federal law, in opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Scoppettone v ADJ Holding Corp.*, 41 AD3d 693, 694 [2007]; *Hagan v P.C. Richards & Sons, Inc.*, 28 AD3d 422 [2006]; *Earle v Channel Home Ctr.*, 158 AD2d 507 [1990]). The plaintiff's expert affidavit was properly rejected by the Supreme Court because the plaintiff never complied with any of the disclosure requirements of CPLR 3101 (d) (1) (i), and only first identified his expert witness in opposition to the defendant's summary judgment motion, after the plaintiff filed the note of issue and certificate of readiness (*see King v Gregruss Mgt. Corp.*, 57 AD3d 851, 852-853 [2008]). Further, the expert failed to demonstrate that he was qualified to render an opinion (*Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296 [2000]). Moreover, the expert's opinion which was speculative and conclusory, and was not based on accepted industry standards, was insufficient to raise a triable issue of fact (*see Rabon-Willimack v Robert Mondavi Corp.*, 73 AD3d 1007, 1009 [2010]; *Pappas v Cherry Cr., Inc.*, 66 AD3d 658 [2009]; *Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556 [2009]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Eng, Belen and Lott, JJ., concur.