Matter of Murad Irrevocable Trust (2021 NY Slip Op 04823)





Matter of Murad Irrevocable Trust


2021 NY Slip Op 04823


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


402 CA 20-00334

[*1]IN THE MATTER OF THE MURAD IRREVOCABLE TRUST. MARILEE M. MORGAN, AS EXECUTOR OF THE ESTATE OF RACHAEL D. MURAD, DECEASED, PETITIONER-RESPONDENT; DALE MURAD, RESPONDENT-APPELLANT.






ASSAF & SIEGAL PLLC, ALBANY (MICHAEL D. ASSAF OF COUNSEL), FOR RESPONDENT-APPELLANT.
BOUSQUET HOLSTEIN PLLC, SYRACUSE (JAMES L. SONNEBORN OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Surrogate's Court, Onondaga County (Mary Keib Smith, S.), entered January 30, 2020. The order denied the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.
Memorandum: In this trust litigation, respondent appeals from an order denying his motion to dismiss the petition pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. In the petition, the settlor and beneficiary of the trust (decedent) sought an accounting and removal of respondent, a Virginia resident, as trustee. The trust was created in 1996 in New Jersey. At the time the trust was created, decedent was a resident of Illinois and respondent was a resident of Georgia. Respondent administered the trust from Georgia until he relocated to Virginia, and he administered the trust from Virginia thereafter. Decedent relocated to New York in 2016. Solely as a consequence of decedent's choice of residence, respondent sent to New York occasional trust-related correspondence, including "five or six" checks disbursing trust assets.
Respondent contends that Surrogate's Court erred in denying the motion. We agree. "Due process requires that a nondomiciliary have 'certain minimum contacts' with the forum and 'that the maintenance of the suit does not offend traditional notions of fair play and substantial justice' " (Williams v Beemiller, Inc., 33 NY3d 523, 528 [2019], quoting International Shoe Co. v Washington, 326 US 310, 316 [1945]). A nondomiciliary has minimum contacts with New York if he or she "purposefully avails" himself or herself of "the privilege of conducting activities within" New York (LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216 [2000] [internal quotation marks omitted]), thereby " 'invoking the benefits and protections' " of New York's laws (Williams, 33 NY3d at 528, quoting Hanson v Denckla, 357 US 235, 253 [1958]). Our focus is on " 'the relationship among the [respondent], the forum, and the litigation' " (Calder v Jones, 465 US 783, 788 [1984], quoting Shaffer v Heitner, 433 US 186, 204 [1977]; see Williams, 33 NY3d at 529). We conclude that respondent lacks the requisite minimum contacts with the New York forum. He does not live, own property, or conduct business in New York. The first and only relationship that New York had to the subject trust was 20 years after its creation, when decedent became domiciled in New York and respondent disbursed trust assets to her in New York (see Hanson, 357 US at 252). Therefore, we reverse the order, grant the motion, and dismiss the petition (see Barone v Bausch & Lomb, Inc., 191 AD3d 1365, 1366 [4th Dept 2021]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court