Arnold v Lanier (2021 NY Slip Op 06666)





Arnold v Lanier


2021 NY Slip Op 06666


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-08290
 (Index No. 70004/18)

[*1]Arlene Arnold, etc., appellant,
v
Greg Lanier, et al., defendants, Abbott Laboratories, et al., respondents.


Meagher & Meagher, P.C., White Plains, NY (Keith J. Clarke of counsel), for appellant.
Bowman and Brooke LLP, New York, NY (Christopher R. Carton and Jenny A. Covington, pro hac vice, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated June 17, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Abbott Laboratories and St. Jude Medical, LLC, which were pursuant to CPLR 3211(a) to dismiss the first and fifth causes of action insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Abbott Laboratories and St. Jude Medical, LLC, which were pursuant to CPLR 3211(a) to dismiss the first and fifth causes of action insofar as asserted against them are denied.
In 2013, the plaintiff's decedent was implanted with a HeartMate II Left Ventricular Assist System (hereinafter the LVAD), which allegedly was designed and manufactured by the defendants Abbott Laboratories (hereinafter Abbott) and St. Jude Medical, LLC (hereinafter together the defendants), or related or acquired entities. An LVAD helps the heart to pump blood. On December 19, 2017, the decedent was admitted to Westchester County Medical Center for care
concerning the functioning of the LVAD, among other things. According to the decedent's medical records, while he was in the hospital, two engineers from Abbott performed a replacement of the LVAD percutaneous lead. On December 21, 2017, the decedent died. The primary cause of death listed on the autopsy report was cardiac arrest.
The plaintiff thereafter commenced this action, inter alia, against the defendants, among others, to recover damages for products liability and breach of warranty. In addition, in the first and fifth causes of action, the plaintiff sought to recover damages against the defendants for negligence with respect to replacement of the lead. The defendants thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
By order dated June 17, 2019, the Supreme Court, inter alia, granted the defendants' motion on the basis that all of the causes of action asserted against the defendants were preempted by the Federal Food, Drug, and Cosmetic Act, as amended by the Medical Device Amendments of 1976 (21 USC § 360c et seq.; hereinafter the MDA). The plaintiff appeals, arguing that the first and fifth causes of action were not preempted.
The MDA—enacted "'to provide for the safety and effectiveness of medical devices intended for human use'" (Medtronic, Inc. v Lohr, 518 US 470, 474, quoting Pub L 94-295, 90 US Stat 539 [94th Cong, 2d Sess, May 28, 1976])—"established various levels of oversight for medical devices, depending on the risks they present" (Riegel v Medtronic, Inc., 552 US 312, 316). For Class III devices such as the LVAD, the MDA "established a rigorous regime of premarket approval" (id. at 317), which essentially "imposes 'requirements' under the MDA" specific to the particular device being reviewed (id. at 322-323).
The MDA also includes an express preemption provision, prohibiting state requirements "with respect to a device intended for human use" (21 USC 360k[a]) which are "different from, or in addition to, any requirement" (id. § 360k[a][1]) applicable under federal law and which "relate[ ] to the safety or effectiveness of the device" (id. § 360k[a][2]). Pursuant to this provision, it has been held that common-law causes of action which "challenge the safety and effectiveness of a medical device and seek to impose requirements that are 'different from, or in addition to,' federal requirements," such as those sounding in products liability and breach of warranty, are preempted (Tone v Studin, 148 AD3d 1205, 1206, quoting 21 USC § 360k[a][1]; see Riegel v Medtronic, Inc., 552 US 312; Mitaro v Medtronic, Inc., 73 AD3d 1142).
Here, the plaintiff effectively concedes that dismissal of the products liability and breach of warranty causes of action was properly directed on the basis that they were preempted. However, as clarified by the plaintiff in her opposition to the motion to dismiss, she claims in her first and fifth causes of action that negligent acts or omissions of the engineers employed by Abbott, allegedly committed during the course of their replacement of the lead in the decedent's LVAD, were a proximate cause of his death. Those claims in those causes of action do not "challenge the safety and effectiveness of a medical device and seek to impose requirements" different or additional to federal law (Tone v Studin, 148 AD3d at 1206). Accordingly, they are not preempted.
The defendants' remaining contentions are without merit.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court